IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00407-WYD-KLM

BIG O TIRES, LLC, a Nevada limited liability company, f/k/a BIG O TIRES, INC., a
Colorado corporation,

      Plaintiff,

v.

C&M ENTERPRIZES, INC, a Utah corporation;
C&M TIRES, INC, a Utah corporation;
CRAIG T. PARKINSON; and
MERRY S. PARKINSON,

      Defendants.

---

**ORDER ENTERING DEFAULT JUDGMENT ON TRADEMARK, TRADE DRESS,
COVENANT NOT TO COMPETE AND MONETARY ISSUES**

---

THIS MATTER came before the Court on April 14, 2009 on Plaintiff's Motion for

Preliminary Injunction, filed February 25, 2009 [#1] and Motion for Default Judgment,

filed March 27, 2009 [#13], against Defendants C&M Enterprizes, Inc. ("Enterprizes"),

C&M Tires, Inc. ("Tires"), Craig T. Parkinson and Merry S. Parkinson (the "Parkinsons")

(Enterprizes, Tires and the Parkinsons will collectively be referred to as the

"Defendants").  A Summons indicating proof of service of the Verified Complaint in this

matter was served on all Defendants on March 1, 2009.  Defendants failed to enter an

appearance or otherwise respond to the allegations in the Verified Complaint, and the

Clerk entered Default against all Defendants on April 2, 2009.  In addition, Plaintiff filed

-1-

Returns of Service indicating that on March 31, 2009, Defendants were served with this Court's Order setting the hearing on Plaintiffs' Motion for Default.

After reviewing all pleadings, receiving exhibits at the April 14, 2009, hearing and accepting the offer of proof of counsel confirmed by a Vice President of Big O, the Court hereby **GRANTS** Big O's Motion for Default Judgment and **DENIES AS MOOT** Big O's Motion for Preliminary Injunction.

The Court further orders, adjudges and decrees the following:

## GENERAL FINDINGS

1.  This Court has jurisdiction over the subject matter pursuant to § 39 of the Trademark Act of 1946, 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338, this matter involving a federal question and arising under Acts of Congress relating to trademarks and unfair competition.

2.  Personal jurisdiction is proper in Colorado as the Defendants consented to jurisdiction in Colorado.  *See* Hearing Exhibits 1 and 2, § 29.02.  In addition, the Defendants have transacted business in Colorado by entering into a long-term contract with a Colorado resident.

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as the Defendants consented to venue in Denver, Colorado.  *See* Hearing Exhibits 1 and 2, § 29.02. In addition, since personal jurisdiction is proper against Enterprizes and Tires, venue is proper.  *See* 28 U.S.C. § 1391(c).

4.  Big O Tires, LLC f/k/a Big O Tires, Inc. ("Big O") and Enterprizes entered into a franchise agreement on February 19, 2000 (the "Clearfield Agreement").  *See*

Hearing Exhibit 1.

5.     Big O Tires, LLC f/k/a Big O Tires, Inc. ("Big O") and Tires entered into a

franchise agreement on January 25, 2002 (the "Roy Agreement").  *See* Hearing

Exhibit 2.

6.     Craig T. Parkinson and Merry S. Parkinson (collectively, the "Parkinsons")

guaranteed each and every covenant in the Clearfield Agreement and Roy

Agreement.  *See* Schedule 3, Hearing Exhibits 1 and 2.

## TRADEMARK AND TRADE DRESS INJUNCTION

7.     Big O owns the following service and trademarks (collectively the

"Marks"):

  a)     BIG O, Registration Number 994,466, registered October 1, 1974;

  b)     BIG O TIRES and design, Registration Number 1,611,160,

         registered August 28, 1990;

  c)     BIG O TIRES and design, Registration Number 2,834,058,

         registered April 20, 2004

  d)     BIG O TIRES and design, Registration Number 2,821,053,

         registered March 9, 2004;

  e)     WWW.BIGOTIRES.COM, Registration Number 2,514,975,

         registered December 4, 2001;

  f)     A REPUTATION YOU CAN RIDE ON, Registration Number

         1,845,544, registered February 22, 1993; and

  g)     BIG FOOT 60, Registration Number 1,102,058, registered

September 12, 1978.

*See* Hearing Exhibit 12.

8.      Big O also has a trade dress that consists of the overall layout of the franchised locations including decorative maroon, black and white stripes, a red and white interior and various point of purchase materials and displays (collectively the "Trade Dress") that its franchisees use.

9.      By virtue of the Clearfield Agreement and Roy Agreement, Big O licensed Enterprizes and C&M to, among other things, use the Marks and Trade Dress.

10.     On January 22, 2009, after providing the Defendants default notice and a right to cure, Big O terminated the franchise rights of Enterprizes and Tires for uncured monetary defaults and, accordingly, Enterprizes' and Tires' respective license to use the Marks.  *See* Hearing Exhibits 3-6.  Nevertheless, Enterprizes and TIRES continued to use the Marks and Trade Dress.  *See* Hearing Exhibits 7 and 8 depicting the Clearfield and Roy locations at the time the Complaint was filed as well as Hearing Exhibit 9 which is an invoice in use by the Plaintiffs.  *See also* Hearing Exhibits 13 and 14 depicting the Clearfield and Roy locations as of March 31, 2009.   Therefore, Defendants are permanently enjoined as follows:

a)      Pursuant to 15 U.S.C. § 1116, Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with Enterprizes and Tires who receive actual notice of this order by personal service or otherwise are enjoined from engaging in the following acts in Utah and the

-4-

United States or in foreign commerce:

i.    Using the Marks and Trade Dress in the advertising or sale of tires and automotive services;

ii.    Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks or Trade Dress;

iii.    Otherwise infringing the Marks or Trade Dress;

iv.    Unfairly competing with Big O, diluting the distinctiveness of Big O's well known Marks and Trade Dress and otherwise injuring Big O's business reputation in any manner;

v.    Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

b)    Pursuant to 15 U.S.C. § 1118, Defendants are directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of Defendants, that use the Marks or Trade Dress.

## COVENANT NOT TO COMPETE INJUNCTION

11.    Article 17.04 of Hearing Exhibits 1 and 2 is a post termination covenant not to

compete.

12.    The Defendants continue to compete with Big O.  *See* Hearing Exhibits 13 and
14.

13.    Consequently, the Defendants and their officers, agents, servants, employees
and attorneys, and those persons in active concert or participating with them who
receive actual notice of this order by personal service or otherwise are enjoined
from directly or indirectly engaging in any business, which offers or sells tires,
wheels, shock absorbers automotive services, or other products and services
that compete with Big O within a 10 mile radius of 548 North Main, Clearfield,
Utah 84015, for a period of two (2) years pursuant to section 17.04 of the
Clearfield Agreement.  The covenant not to compete two (2) year period shall
start on the date that Defendants are enjoined from competing or stop competing
with Big O, whichever is later.

14.    Defendants and their officers, agents, servants, employees and attorneys, and
those persons in active concert or participating with them who receive actual
notice of this order by personal service or otherwise are enjoined from directly or
indirectly engaging in any business, which offers or sells tires, wheels, shock
absorbers automotive services, or other products and services that compete with
Big O within a 10 mile radius of 5140 South 1900 West Roy, Utah 84067, for a
period of two (2) years pursuant to section 17.04 of the Roy Agreement.  The
covenant not to compete two (2) year period shall start on the date that
Defendants are enjoined from competing or stop competing with Big O,

whichever is later.

## MONETARY DEFAULT

15.     Judgment is hereby entered in favor of Plaintiff Big O Tires, Inc. and against

Defendants Enterprizes and the Parkinsons, jointly and severally, in the following

amounts:

a.      $199,268.42 for past due accounts receivables, note receivables,

and royalties and national advertising receivables (Hearing Exhibits

3, 6 and 10);

b.      $7,959.83 in interest (from Clearfield Agreement calculated at 18%

per annum, at a per diem of $98.27) (Hearing Exhibit 1, § 8.04 and

Exhibit 10, p. 3);

For a total of **$207,228.25**, which shall accumulate at 18% per annum from the date of

this Order until such judgment is satisfied in full.

16.     Judgment is hereby entered in favor of Plaintiff Big O Tires, Inc. and against

Defendants Tires and the Parkinsons, jointly and severally, in the following

amounts:

a.      $330,682.73 for past due accounts receivables, note receivables,

and royalties and advertising receivables (Hearing Exhibits 4, 5 and

11);

b.      $13,209.25 from Roy Agreement (calculated at 18% per annum, at

a per diem of $163.08) (Hearing Exhibit 2, Section 8.04 and Exhibit

11, p. 3);

For a total of **$343,891.98**, which shall accumulate at 18% per annum from the date of this Order until such judgment is satisfied in full.

## ATTORNEYS' FEES AND COSTS

17.   Judgment is hereby entered in favor of Plaintiff Big O Tires, Inc. and against Defendants Enterprizes, Tires and the Parkinsons, jointly and severally, in the following amounts:

  a.   $4,915.00 in attorneys' fees, pursuant to sections 27.02 of the Clearfield Agreement, Roy Agreement, pursuant to the terms of the Personal Guaranties executed by the Parkinsons and Hearing Exhibits 10 and 11;

  b.   $348.24 in costs, pursuant to section 27.02 of the Clearfield Agreement, the Roy Agreement and pursuant to the terms of the Personal Guaranties executed by the Parkinsons.  See also attorneys' fees and costs affidavit of Harold R. Bruno, III attached to the Motion for Default Judgment as supplemented by the representation in Court of an additional eight hours at $250.00 an hour.  For a total of **$5,263.24**, which shall accumulate at 18% per annum from the date of this Order until such judgment is satisfied in full.

Dated:  April 16, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge